IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Morris Wayne Gunn, #265158,  )  )    C/A No.: 8:04-CV-921-MBS-BHH<br>          Plaintiff,     )<br>                              )<br>     vs.                      )<br>                              )<br>Jane Doe #1, Medical Administrator;  )          **O R D E R**<br>Jane Doe #2, Person in Charge of Pill )<br>Window; John Doe #1; John Doe #2;    )<br>Terry Harris, Food Service Supervisor at )<br>Kirkland Correctional Institution; John W. )<br>Thomas, Food Service Director; and NFN )<br>McClaughlin, Lieutenant at Kirkland   )<br>Correctional Institution,             )<br>                                      )<br>          Defendants.                 )<br>_____) | |

At the time of the underlying events, Plaintiff Morris Wayne Gunn was an inmate in custody of the South Carolina Department of Corrections. Plaintiff, appearing pro se, alleges he was injured on April 18, 2002 while he was working as a food service baker at Kirkland Correctional Institution (KCI). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights under the Eighth Amendment.

This matter is before the court on Defendants' motion for summary judgment filed June 25, 2004. By order filed June 30, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response on July 9, 2004. Plaintiff also filed a motion for summary judgment on July 9, 2004. Defendants filed a memorandum in opposition to Plaintiff's motion on July 26, 2004.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On February 7, 2005, the Magistrate Judge filed a Report of Magistrate Judge in which she recommended that Defendants' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

On February 17, 2005 and February 24, 2005, Plaintiff filed for an extension of time to respond to the Report of Magistrate Judge. On February 25, 2005, the court granted Plaintiff an extension of time to respond to the Report of Magistrate Judge. On March 25, 2005, after receiving no further correspondence from Plaintiff, the court adopted the Report of Magistrate Judge and granted summary judgment in favor of Defendants.

On March 30, 2005, Plaintiff filed a notice of change of address indicating that he had been released from custody. On April 6, 2005, Plaintiff filed objections to the Report of Magistrate Judge. On April 15, 2005, Defendants filed a response in opposition to Plaintiff's objections, contending that they were untimely. The court concludes, however, that justice is better served by addressing Plaintiff's objections. Accordingly, the court's order adopting the Report of Magistrate Judge (Doc. 45) is **vacated**. The court now has reviewed Plaintiff's objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. FACTS

The facts are set forth in detail in the Report of Magistrate Judge. Briefly, on April 18, 2002, Plaintiff slipped on some gravel and injured his knee while unloading flats of sliced bread from the back of a truck. Plaintiff received medical attention and eventually underwent orthoscopic surgery on August 14, 2002.

Plaintiff's claim arises from the fact that he did not receive the pain and anti-inflammatory medications prescribed for him when he returned to KCI from surgery on August 14, 2002. After two days of reporting to the "pill line" just to be told his prescribed medication was not available, Plaintiff filed a grievance. It was discovered upon investigation that the staff who should have dispensed the medication was unaware the medication was available but locked in a cabinet. Plaintiff was issued an apology.

II. DISCUSSION

The Eighth Amendment proscribes deliberate indifference by prison personnel to an inmate's medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1975). Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, Plaintiff must show (1) a serious injury, and (2) deliberate indifference on the part of Defendants.

As the Magistrate Judge correctly noted, there is no evidence that the mixup with respect to Plaintiff's prescribed medications after surgery was the result of a deliberate attempt to deny Plaintiff medical treatment. Plaintiff's objection is without merit.

3

Plaintiff also contends that he was subjected to an unsafe work environment. "To convert conduct that does not even purport to be punishment into 'cruel and unusual punishment,' defendants must demonstrate more than ordinary lack of due care for the prisoner's interests or safety." <u>Arnold v. South Carolina Dep't of Corrections</u>, 843 F. Supp. 110, (D.S.C. 1994) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). As the Magistrate Judge correctly noted, Plaintiff has failed to allege facts or adduce any evidence that any Defendant possessed the requisite "culpable state of mind" with respect to the allegedly unsafe working environment. Plaintiff's remedy may be to seek workers' compensation benefits within one year of his date of discharge. <u>See</u> S.C. Code Ann. § 42-1-150 (providing for compensation to inmates suffering on-the-job injuries while incarcerated). Plaintiff's objection is without merit.

### III. CONCLUSION

The court has thoroughly reviewed the record. The court concurs in the Report of Magistrate Judge and incorporates it herein by reference. Defendants' motion for summary judgment is **granted** and Plaintiff's motion for summary judgment is **denied**. Plaintiff's motions to produce (Doc. 9), for an extension of time (Docs. 18, 22), and to compel (Doc. 24) are **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 2, 2005

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**